# IN THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Eddie Alvarado (#K-583230), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 06 C 4663<br>) |
| Deirdre Battaglia, Martin Peto, and CO Williams, | ) Judge Wayne R. Andersen<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In August of 2006, Plaintiff, Eddie Alvarado, currently in custody at Danville Correctional Center, filed this 42 U.S.C. § 1983 action against 21 Stateville Correctional Center officials. By order dated November 30, 2006, this Court dismissed Plaintiff's claims against 18 defendants, and allowed Plaintiff to proceed with his claims against Stateville Warden Deirdre Battaglia and Stateville Officers Martin Peto and Gail Williams. Plaintiff's claims against these defendants allege: (1) Correctional Officer Williams discharged a firearm in the direction of Plaintiff and other inmates from a guard tower that overlooked the inmates playing basketball; (2) Plaintiff fell while running for cover, and he cut his lip, chipped a tooth, scraped his knee, and pulled a groin muscle; (3) Martin Peto refused to obtain medical care for Plaintiff shortly after the incident; and (4) Stateville officials knew that Officer Williams was mentally unstable, but allowed her to continue working and have a weapon. Defendants Battaglia and Peto filed a motion to dismiss, and Defendant Williams filed a separate motion to dismiss. Plaintiff filed a response to both motions, and Defendants replied. For the following reasons, Defendants Battaglia and Peto's motion to dismiss is granted, and Defendant Williams' motion to dismiss is denied. Plaintiff may proceed with his claim against Williams, but not his claims against Battaglia and Peto, and these two defendants are dismissed as parties to this action.

## I. STANDARD OF REVIEW

When considering a motion to dismiss, this Court assumes true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Addressing a motion to dismiss involves two considerations. First, under the notice pleading requirement of Fed. R. Civ. P. 8(a), this Court must determine whether the complaint sufficiently provides the defendants with "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). The complaint need not provide extensive specific facts, but need only state a legal claim and provide "some indication ... of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65.

If the complaint sufficiently provides notice of a claim, the Court must then determine if the allegations therein "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007) (*citing Bell Atlantic*, 127 S.Ct. at 1965, 1973). This Court liberally construes a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). So long as a well-pleaded complaint sufficiently states a valid claim, even if the likelihood of recovery is very remote, a motion to dismiss the complaint must be denied. *Bell Atlantic Corp.,* 127 S. Ct. at 1965. However, the factual allegations must be sufficient to raise a right to relief above the speculation level. This Court is not bound to accept as true legal conclusions couched as factual allegations and presume facts not alleged. *Id.* at 1964-65. Also, if the plaintiff pleads facts that demonstrate that he has no claim, he may plead himself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## II. FACTS

Plaintiff alleges the following in his complaint. On April 25, 2005, Plaintiff and seven other inmates were playing basketball in the recreation yard at Stateville Correctional Center. At around noon, the inmates attempted to get the attention of Officer Gail Williams, who was in a guard tower overlooking the area where Plaintiff and the other inmates were playing. The inmates complained that they had been outside for more than four hours and wanted Williams to tell Lieutenant Peto to get the inmates some water or ice. Williams refused, and "rudely responded that she was not calling anybody for us and that she wished we could all die." The inmates asked Williams why she was so hostile and again asked that she radio Lt. Peto. Plaintiff alleges that Williams "hysterically began to yell, 'she wished we all were dead . . . Started pointing her weapon at us, stating Just give me a reason to kill all of you.'" Plaintiff contends that Williams then pointed her weapon at the inmates and fired one round. As Plaintiff and the other inmates ran for cover, Plaintiff slipped, fell, and sustained the following injuries: a busted lip, a chipped tooth, a pulled groin muscle, and a scraped knee. Lt. Peto then arrived at the scene, stated that he did not believe Plaintiff and the other inmates about the shooting, and refused to get medical attention for Plaintiff.

As Plaintiff was returning to his cell, he told another officer. At around 7 p.m. that same day, Plaintiff was interviewed by an internal affairs officer of the prison, who called the health care unit. Plaintiff was examined by a prison medical staff person at 7:15 p.m., about seven hours after his slip and fall. On the Inmate Injury Report, Plaintiff described his injuries: "my lip got cut and is swollen, chipped my tooth, my groin got pulled, and my [right] knee got messed up." The evaluation indicates that Plaintiff complained of pain in his groin and knee and had a cut on the inside of his lip, and that a cold compress was applied. Plaintiff alleges that Williams suffered from schizophrenia, that Stateville officials knew Officer Williams had a mental disorder and took medication, and that Stateville officials should not have placed Williams in the guard tower with a firearm.

**III.   ANALYSIS**

Defendants Deirdre Battaglia and Lieutenant Peto have filed a motion to dismiss. Defendant Gail Williams has filed a separate motion to dismiss. All three defendants argue that the claims against them should be construed as official capacity claims and dismissed as barred by the Eleventh Amendment. The defendants also argue that Plaintiff's claims do not sufficiently state claims for relief. Williams argues that she is entitled to qualified immunity because she reasonably believed her actions were justified in response to inmates yelling at her from the recreation yard. Battaglia argues that Plaintiff's injuries were not sufficiently serious and that Plaintiff does not allege that Battaglia personally had knowledge of Williams' mental instability such that Battaglia deliberately disregarded a known risk. Peto argues that Plaintiff's injuries, as indicated by the written report of the medical examination seven hours after Plaintiff's slip and fall, were not sufficiently serious to support a claim of deliberate indifference. For the following reasons, Peto and Battaglia's motion to dismiss is granted, and Williams' motion to dismiss is denied.

With respect to Defendants' argument that the Court should construe Plaintiff's claims as only official capacity claims, the argument is without merit. Unless otherwise specified, it is assumed that state officials are sued in their official capacities. However, a court may view such claims to be alleged against the defendants in their individual capacities if the allegations and pleadings indicate that the parties consider the claims to be individual capacity claims. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (*citing Stevens v. Umsted*, 131 F.3d 697, 707 (7th Cir.1997)). Plaintiff's allegations, liberally construed, and Defendants' pleading of qualified immunity and defenses applicable to individual capacity claims indicate that the parties acknowledge that Plaintiff intended to allege liability against Defendants in their individual capacities. The Court will so construe the claims. To the extent Plaintiff's claims are against the Defendants in their official capacities, the claims are dismissed. *Brokaw*, 235 F.3d at 1009; *Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir.1997).

## Williams

Williams argues that, if she discharged a firearm toward Plaintiff and other inmates in the recreation yard, such actions were reasonable, and Williams is protected by qualified immunity. Williams reasons that the persistent banter by Plaintiff and other inmates from the recreation yard was an attempt to divert her attention from her duties and that a reasonable officer would have believed discharging a firearm was reasonable.

The Supreme Court has stated a two-part standard to determine whether a defendant is protected by qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). First, the plaintiff must demonstrate that he has been deprived of a constitutional right. If the plaintiff meets this burden, the Court must determine whether the particular constitutional right was clearly established at the time of the alleged violation. If the right was clearly established, the government actor is not entitled to qualified immunity. *Id.* at 201. It was well established that the intentional use of excessive force by prison guards against an inmate without penological justification violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 6-10 (1992). Force may be considered excessive if it was applied "maliciously and sadistically to cause harm." *Id.* at 7; *see also Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004).

Plaintiff's allegations – that Defendant Williams discharged a frrearm in the direction of Plaintiff and other inmates from a guard tower in response to the inmates' banter – sufficiently assert an excessive force claim and do not indicate that Williams is entitled to qualified immunity. Based solely on the allegations in Plaintiff's complaint, Williams cannot establish that her actions were reasonable, and Plaintiff may be able to show that Williams acted maliciously to cause Plaintiff harm. Additionally, the Court notes that, while Plaintiff's pleadings indicate that his injuries were not great, he need not establish serious bodily injury with an excessive force claim. *Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992); *Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir.2001). Williams' motion to dismiss the claims against her is denied.

**Battaglia:**

Plaintiff alleges that supervisory officials knew that Williams was mentally unstable, yet continued to allow her to work, thus allowing her to be in the guard tower with a firearm. Plaintiff's complaint does not specifically allege that Battaglia knew of Williams' instability; but, Plaintiff's response to the motion to dismiss states that Battaglia knew or should have known of Williams' mental instability. However, even liberally construing Plaintiff's complaint to include allegations specifically against Battaglia, Plaintiff has not alleged a viable claim.

A supervisory official may not be held liable for the actions of a subordinate under a theory of respondeat superior. A supervisory official may be held liable for failing to train or supervise subordinate officers only when such a failure constitutes deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *Ross v. Town of Austin, Ind.,* 343 F.3d 915, 918 (7th Cir. 2003). Deliberate indifference may be found if a supervisory official fails to act in the face of actual or constructive notice that such failure to act will likely result in a constitutional deprivation. *Ross v. Town of Austin, Ind.* 343 F.3d at 918; *Robles v. City of Fort Wayne*, 113 F.3d 732, 735 (7th Cir.1997). The supervisory official must know about the unconstitutional conduct and facilitate it, or deliberately turn a blind's eye to such conduct. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir. 2001).

Plaintiff's allegations that prison officials knew that Williams was mentally unstable yet allowed her to continue working cannot establish that Warden Battaglia acted with deliberate indifference. Plaintiff does not allege that Williams' actions were so predictable that prison officials knew that allowing Williams to continue working would likely result in unconstitutional conduct against Plaintiff. Even assuming Plaintiff's allegations true, he does not allege a valid claim against Battaglia. *See Sanville*, 266 F.3d at 740; *Chavez,* 251 F.3d at 651; *see also Bell Atlantic Corp.,* 127 S. Ct. at 1965.

Battaglia's motion to dismiss is granted; the claims against her are dismissed; and she is dismissed and terminated as a defendant in this case.

**Peto:**

Officer Peto argues that Plaintiff's complaint does not sufficiently allege that Peto acted with deliberate indifference to a serious medical need. Peto contends that medical evaluation attached to Plaintiff's complaint demonstrates that Plaintiff suffered only minor injuries or that only minor injuries could have been known by Peto.

This Court may consider the medical evaluation attached to Plaintiff's complaint when considering the motion to dismiss. *See Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004). That evaluation shows that a medical examination of Plaintiff, several hours after Peto allegedly refused to obtain medical attention for Plaintiff, revealed that he had a "small cut on his lip" and subjective complaints of pain in his groin and right knee. *See* Complaint, Exhibit 6.

Deliberate indifference to a serious medical need requires a showing that the officer was actually aware of a serious risk but failed to take any action. *See Whiting v. Marathon County Sheriff's Dep't,*, 382 F.3d 700, 703 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). The officer must have actually known of a problem that was either diagnosed by a doctor or obvious enough that a reasonable lay person would realize medical attention was necessary. *Wynn*, 251 F.3d at 593. Failing to call a doctor when a prisoner suffers minor scrapes and bruises does not constitute deliberate indifference. *See Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997). Furthermore, if the official is aware only of minor symptoms, such as swelling or a cut lip, the plaintiff is not entitled to relief. *See Boyce v. Moore*, 314 F.3d 884, 890 (7th Cir. 2002).

In this case, Plaintiff alleges that he fell and suffered a "busted lip, a chipped tooth, pulled groin, [and a] scraped and swollen knee." Complaint, at ¶ 35. The medical exam of Plaintiff seven hours after

the fall showed that he had a small cut on his lip and subjective complaints of pain in his groin and knee. Even Plaintiff's response to Peto's motion to dismiss, wherein Plaintiff states that his injuries were obvious – "Plaintiff pleaded with Defendant Peto to get him medical attention, [and] Plaintiff was bleeding from both his mouth and his scraped, swollen knee," [DE 55, p.5] – demonstrates that Peto was at most presented with minor injuries following Plaintiff's slip and fall in the recreation yard. Even assuming true the allegations in his complaint, Plaintiff cannot establish that his injuries were so obviously serious that Peto's refusal to obtain immediate medical attention constituted deliberate indifference. Peto's motion to dismiss is granted, the claims aginst him are dismissed, and Peto is dismissed as a defendant to this action.

## CONCLUSION

For the reasons stated above, Plaintiff may proceed with his claim against Correctional Officer Williams. However, his complaint fails to state valid claims against Battaglia and Peto. Battaglia and Peto's motion to dismiss is granted; the claims against them are dismissed. Battaglia and Peto are dismissed as defendants and they are terminated as parties to this action. Defendant Williams shall answer the complaint or otherwise plead in response to the complaint.

ENTER: _/s/ Wayne Andersen_
**Wayne R. Andersen**
**United States District Court Judge**

DATE: **February 13, 2008**